# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>　　　　v.<br><br>CARLOS JONATHAN<br>GONZALEZ-BECERRA,<br>　　Defendant. | CR 20-0006 DSF<br><br>Amended Order GRANTING in Part and Conditionally GRANTING in Part the Government's Motions *in Limine* (Dkts. 55, 65, 80) |

　　Defendant Carlos Jonathan Gonzalez-Becerra is charged with being an alien who was found in the United States following deportation, in violation of 8 U.S.C. §§ 1326(a). Dkt. 1. The government has filed motions *in limine* seeking to impeach Gonzalez-Becerra, should he choose to testify, with evidence of prior convictions; to exclude evidence of Gonzalez-Becerra's possibly derivative citizenship; and to introduce evidence of Gonzalez-Becerra's 2012 attempt to enter the United States. Dkts. 55 (MIL1), 65 (MIL2), and 80 (MIL3).

## I. BACKGROUND

### A.　Prior Convictions

　　In 2004, Gonzalez-Becerra was convicted of providing false information to an officer in violation of California Vehicle Code section 31 and was sentenced to 12 months of summary probation and two days in jail (False Information Conviction). Dkt. 58 (Presentence Report in <u>United States v. Gonzalez Becerra</u>, No. 2:07-cr-00812-DSF (PSR)) ¶ 41. In 2006, he was convicted of forgery in violation of

California Penal Code section 470(d) and was sentenced to 24 months of summary probation and three days in jail (Forgery Conviction). Id. ¶ 44.

In 2007, during a routine traffic stop, officers found Gonzalez-Becerra had stolen mail and three credit cards in other persons' names. Id. ¶ 9. Officers placed Gonzalez-Becerra in handcuffs in the back of their patrol car, but he opened the door and fled on foot. Id. Officers searched Gonzalez-Becerra's home and found additional credit cards, checks, and mail in other persons' names. Id. ¶¶ 10-11. In August 2007, a federal grand jury indicted Gonzalez-Becerra for eleven counts of mail theft and one count for use of a false social security number. See United States v. Gonzalez Becerra, No. 2:07-cr-00812-DSF, dkt. 1.

Gonzalez-Becerra was not located until 2012 when he was arrested on entering the United States. PSR ¶ 17. In 2013, he pleaded guilty to one count of possession of stolen mail in violation of 18 U.S.C. § 1708 (Stolen Mail Conviction) pursuant to a plea agreement. Dkt. 55-3. He admitted to possessing three credit cards that did not belong to him, and stolen bills and checks, id., and was sentenced to 40 months in prison followed by three years of supervised release. Dkt. 55-4.

In 2018, Gonzalez-Becerra was convicted of grand theft in violation of California Penal Code section 487(a) for attempting to steal a television and computer by feigning purchase with a prior purchase receipt (Grand Theft Conviction) and was sentenced to 16 months imprisonment. Dkt. 55-5; PSR ¶ 52.

### B. Possible Citizenship

Gonzalez-Becerra is a citizen of Mexico born on March 5, 1982.[1] Gonzalez-Becerra has claimed his father is a United States citizen. In August 2015, Gonzalez-Becerra claimed his father naturalized in 1997 or 1998, dkt. 71 at 934; in October 2017, he claimed his father naturalized between 2000 and 2004, id. at 896; and in November 2018,

---

[1] The government has obtained his birth certificate and he does not contest that fact.

he stated his father has been a citizen since 2000, <u>id.</u> at 849. However, in August 2018, he stated his father is a Mexican citizen. <u>Id.</u> at 1157-58.

**C.     2012 Reentry Attempt**

On October 25, 2012, Gonzalez-Becerra attempted to enter the United States at the San Ysidro Port of Entry under a false name and using a birth certificate and social security card that were not his. Dkt. 80-2 at 916. He later admitted his true name and that he was not a U.S. citizen. <u>Id.</u>

## II. DISCUSSION

**A.     Motion *in Limine* No. 1**

Should Gonzalez-Becerra testify, the government wants to introduce evidence of the Stolen Mail and Grand Theft Convictions under Federal Rule of Evidence 609(a)(1)(B) and the False Information and Forgery Convictions under Rule 609(a)(2). MIL1 at 1. Gonzalez-Becerra opposes the introduction of any prior convictions. Dkt. 60 (Opp'n to MIL1).

Federal Rule of Evidence 609 governs "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). When the witness to be impeached is a criminal defendant, evidence of a conviction of a crime punishable by imprisonment for more than one year generally "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." <u>Id.</u> 609(a)(1)(B). But, where

> more than 10 years have passed since the witness's conviction or release from confinement for [the crime], whichever is later[, e]vidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Id. 609(b).

Courts in the Ninth Circuit consider five factors in balancing the probative evidence of a defendant's prior conviction against its prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000) (citing United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987)). "The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect." United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995) (citing Browne, 829 F.2d at 763). There is an exception for crimes involving dishonesty, however. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

### 1. Stolen Mail and Grand Theft Convictions

#### a. Impeachment Value

While theft crimes do not per se "involve 'dishonesty or false statement' within the meaning of [R]ule 609(a)(2)," United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982), "prior convictions for robbery are probative of veracity," Alexander, 48 F.3d at 1488 (quoting United States v. Givens, 767 F.2d 574, 580 (9th Cir. 1985)). "Shoplifting, burglary, grand theft and bank robbery are all affirmative

4

acts taken by defendants, requiring an intention to deprive one or more persons of their rightful property. Such crimes are not always 'deceitful,' but they are much more likely to be so than is the crime of receipt of stolen property." United States v. Foster, 227 F.3d 1096, 1100 (9th Cir. 2000)); see also United States v. Rodriguez-Landa, No. 2:13-cr-00484-CAS, 2019 WL 653853, at *12 (C.D. Cal. Feb. 13, 2019) (conviction for taking a vehicle without the owner's consent was "highly probative of [defendant's] veracity"). The first factor therefore favors admission of Gonzalez-Becerra's Grand Theft Conviction. However, as to his Stolen Mail Conviction, Gonzalez-Becerra pleaded guilty only to *possession*, not *taking*, of the stolen property. See dkt. 55-3. The first factor weights against admission of the Stolen Mail Conviction.

        b.     Time of Conviction

Gonzalez-Becerra was convicted of possession of stolen mail in 2013 and of grand theft in 2018, approximately six years and one year, respectively, before he was charged with illegally re-entering the United States in July 2019, dkt. 1. "By its terms, Rule 609 allows for admissibility of such . . . prior conviction[s] even where the defendant has been released for up to ten years." Browne, 829 F.2d at 763. The second factor weighs in favor of admitting both convictions.

        c.     Similarity of the Crimes

"[W]here . . . the prior conviction is sufficiently similar to the crime charged, there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again." United States v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985). The Stolen Mail and Grand Theft Convictions are not similar to the illegal reentry charge. This factor weighs in favor of admission of both convictions.

####### d. Importance of Defendant's Testimony and Centrality of the Credibility Issue

As to the fourth and fifth factors, should Gonzalez-Becerra take the stand, he will place his credibility directly at issue. See Alexander, 48 F.3d at 1489 ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue."). Gonzalez-Becerra argues "[t]he Government simply contends that defendant's testimony 'will be central to the defense[,]' without explaining why that would be the case." Opp'n to MIL1 at 2 (citation omitted). However, he does not attempt to explain in any way why that is not the case. Based on the Court's extensive experience with Gonzalez-Becerra, including his testimony at the hearing on his violation of supervised release, it appears very likely that his testimony – if he decides to testify – will be crucial to the jury's determination. However, this determination cannot be made until he testifies.

Balancing all these factors, the Court finds that the probative value of the Stolen Mail and Grand Theft Convictions will likely outweigh their prejudicial effect, and will likely be admissible, if Gonzalez-Becerra testifies. Before cross-examination, the Court and counsel will discuss this issue outside the presence of the jury and the Court will make a final determination at that time.

### 2. False Information and Forgery Convictions

Even though prior convictions for forgery and providing false information to an officer necessarily involve a "dishonest act or false statement," and are per se admissible under Rule 609(a)(2), see United States v. Field, 625 F.2d 862, 871 (9th Cir. 1980) ("Field's prior conviction for forgery, a crime involving fraudulent falsification, was properly admissible [under Rule 609(a)(2)]."), Gonzalez-Becerra's convictions are both more than ten years old. Therefore, the government must demonstrate, under Rule 609(b), that the probative value of the convictions substantially outweighs the prejudicial effect.

Courts use the same five factors discussed above when balancing the probative value of a prior conviction against the prejudicial effect.

See Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n, 771 F. App'x 767, 768 (9th Cir. 2019) ("In balancing the probative value of Worldwide's witness's prior conviction for mail fraud against that evidence's prejudicial effect, as required by Federal Rule of Evidence 609(b), the district court properly considered five relevant factors identified by this circuit [in Hursh]."). The Advisory Committee Notes to Federal Rule of Evidence 609(b) state: "It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609, Advisory Committee Notes.

Convictions for providing false information to an officer and forgery are clearly probative of an individual's veracity. See United States v. Mercado, No. 18-CR-00549-LHK-3, 2020 WL 999842, at *4 (N.D. Cal. Mar. 2, 2020) ("[F]orgery is highly probative of [an individual's] character for truthfulness.") (first citing United States v. Gay, 967 F.2d 322, 328 (9th Cir. 1991) ("Evidence of prior fraud is considered probative of the witness's character for truthfulness or untruthfulness."), and then citing United States v. Rakow, No. CR 04-01563 MMM, 2006 WL 8445941, at 83 (C.D. Cal. July 3, 2006) ("[T]he most probative sort of prior conviction is for an offense that indicates a lack of veracity, such as fraud, forgery or perjury.")). Providing false information to an officer is a conviction of a similar nature to forgery as it too indicates a lack of veracity and is therefore also highly probative of Gonzalez-Becerra's character for truthfulness. Additionally, the crimes bear no resemblance to the charged offenses, which limits concerns the jury will impermissibly speculate about Gonzalez-Becerra's propensity to act in accordance with the charged offense. The first and third factors weigh in favor of admission.

The convictions are more than ten years old. See Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 434 (2d Cir. 1993) ("Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances." (citation and quotation omitted)).

The analysis for the fourth and fifth factors is the same as stated above. Therefore, before cross-examination, the Court and counsel will discuss this issue outside the presence of the jury and the Court will make a final determination at that time.

**B.     Motion *in Limine* No. 2**

The government argues that any evidence of or argument about Gonzalez-Becerra's derivative or acquired citizenship due to his father's alleged citizenship should be excluded under United States v. Espinoza-Baza, 647 F.3d 1182 (9th Cir. 2011). MIL2.

The Court discussed this issue with the parties at the June 21 hearing and indicated more information would be required. At the pretrial conference on July 7, counsel for Gonzalez-Becerra indicated that he did not intend to proceed with this defense.

The motion is granted. If Gonzalez-Becerra decides to raise this issue again, he must present an offer of proof outside the presence of the jury.

**C.     Motion *in Limine* No. 3[2]**

The government moves to admit evidence of Gonzalez-Becerra's prior false claim to U.S. citizenship. Dkt. 80 (MIL3). In 2012, Gonzalez-Becerra, when attempting to enter the United States in San Ysidro, California, pretended to be a U.S. citizen, presented to customs officials a California birth certificate and U.S. social security card that did not belong to him. Dkt. 80, Ex. A at 916, 1400-01. Gonzalez-Becerra later admitted his true name and that he was not a United States citizen. Id. at 916, 1170.

---

[2] The government filed its third motion *in limine* on June 24, 2021. Gonzalez-Becerra has not yet filed a response. In the interest of efficiency and given that Gonzalez-Becerra was allowed to be heard on this matter at the pretrial conference on July 7, 2021, the Court will consider the motion.

8

The government first argues the evidence is relevant and not subject to Rule 404(b) analysis as the previous act is inextricably intertwined with the crime charged. MIL3 at 2-4.

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible, though it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. See Fed. R. Evid. 402, 403. Federal Rule of Evidence 404(b) also limits the general admissibility of relevant evidence, as it makes evidence of other crimes, wrongs, or acts inadmissible to show propensity. United States v. Curtin, 489 F.3d 935, 943 (9th Cir. 2007) (en banc). Such evidence may be admissible for other purposes, however, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

"[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined.'" United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012) (internal quotation marks omitted) (quoting United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987)). There are two categories of other act evidence that may be inextricably intertwined: (1) other act evidence that "constitute[s] a part of the transaction that serves as the basis for the criminal charge," and (2) evidence that is "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id. (alteration in original) (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)).

The government argues the evidence is admissible "as it directly speaks to an element of the charged crime, namely alienage" because the government must prove at trial that Gonzalez-Becerra is not a citizen of the United States. MIL3 at 3. The government states that "[t]he fact that defendant falsely claimed he was a United States citizen

and tried to enter the United States by presenting citizenship documents that did not belong to him," and then admitted he was not a U.S. citizen, "supports that defendant is not a United States citizen." Id.

Gonzalez-Becerra is charged with being an alien who was found in the United States following deportation, in violation of 8 U.S.C. §§ 1326(a). The Court agrees that Gonzalez-Becerra's use of another individual's identifying documents and admission that he was not a U.S. citizen in 2012 are inextricably intertwined with a crime in which the government must prove alienage. See United States v. Moreno-Lopez, 674 F. App'x 639, 642 (9th Cir. 2017) ("Moreno-Lopez's counsel even acknowledged at the pretrial hearing that his client's prior removals were relevant to proving alienage under 8 U.S.C. § 1326."). The Court therefore grants the government's third Motion *in Limine*.

### III. CONCLUSION

The government's first Motion *in Limine* is CONDITIONALLY GRANTED subject to a hearing outside the presence of the jurors if Gonzalez-Becerra testifies.

The government's second Motion *in Limine* is GRANTED. Gonzalez-Becerra may not introduce evidence of acquired or derivative citizenship unless he first proffers such evidence to the Court, and the Court determines the probative value of the evidence outweighs the potential prejudice or confusion it may cause.

The government's third Motion *in Limine* is GRANTED. The government may introduce evidence of Gonzalez-Becerra's 2012 attempt to enter the United States.

IT IS SO ORDERED.

Date: July 12, 2021

_____
Dale S. Fischer
United States District Judge